UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-0059 (ESH) |
| | : | |
| v. | : | |
| | : | |
| AHMED HUNTER, | : | |
| | : | |
| Defendant | : | |
| | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH HIS PRIOR
CONVICTION PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of defendant's prior conviction for impeachment purposes should the defendant elect to testify at trial in the above-captioned case. In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter:

1.  The defendant has been charged in a one-count Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

2.  Prior Conviction: On April 5, 1995, the defendant was convicted of Possession with Intent to Distribute Cocaine Base in the United States District Court for the District of Columbia (Criminal Case Number 94-345). On January 30, 1997, the Court revoked probation (defendant's initial sentence) and sentenced him to imprisonment for a term of twenty to sixty months.

3.  Subject to the time constraints of Rule 609(b), evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year "shall be admitted if the

court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). As explained below, here the defendant's conviction falls within the time constraints of Rule 609(b), and its probative value outweighs any prejudicial effect; and therefore it is admissible for impeachment purposes.

4. Federal Rule of Evidence 609(b) provides that "evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date . . . ." Fed. R. Evid. 609(b). Here, defendant was sentenced to imprisonment (20-60 months) in 1997. Therefore, "a period of more than ten years" has *not* elapsed since his release from confinement, and this conviction qualifies for admission under Rule 609(b).

5. In evaluating whether the probative value of the conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting en banc, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc); see also United States v. Coats, 652 F.2d 1002, 1003 (D.C. Cir. 1981) (The law approves of the inference that the fact "the defendant has sinned in the past implies that he is more likely to give false testimony than other witnesses.").

6. This Circuit has long recognized that prior drug convictions are probative of credibility. United States v. Lewis, 626 F.2d 940 (D.C. Cir. 1980), upheld the district court's ruling that the probativeness of a prior drug conviction outweighed prejudice in trial on a new narcotics charge, id. at 951, and this probativeness, the Court of Appeals made clear in Lipscomb, is not limited to subsequent narcotics cases. See, e.g., Lipscomb, 702 F.2d at 1056 ("[A]ll felony

2

convictions less than ten years old have at least some probative value on the issue of credibility."); see also id. at 1058 n.35 (rejecting any notion that the probativeness of a drug conviction is limited to rebutting specific testimony).

7.      The Court of Appeals has stated that "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." Lewis, 626 F.2d at 950.

8.      It also recognizes the strong probative value of a prior conviction when credibility will be central to the trial. This Circuit has long recognized that when a case narrows to the credibility of two persons, the accused and his accuser, "there [is] greater, not less, compelling reason for exploring all avenues which would shed light on which of the two witnesses [is] to be believed." See Lewis, 626 F.2d at 951 (citing Gordon v. United States, 383 F.2d 936, 941 (D.C. Cir. 1967)). Indeed, it is "unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id; see also Lipscomb, 702 F.2d at 1071 ("On the other hand, credibility was central to the trial . . . ."); see also United States v. Jackson, 627 F.2d 1198, 1210 (D.C. Cir. 1980) ("[S]ome of the considerations as applied to Jackson's prior conviction tend to favor admissibility. For example, had Jackson chosen to take the stand his credibility would have been centrally in issue . . . .").

9.      Impeaching a defendant's credibility is of "considerable significance to the government" when the defendant testifies and denies the allegations made by the government and/or the factual premises of its case. United States v. Stewart, 581 F.2d 973, 974 (D.C. Cir. 1978) (per curiam) ("At the same time, impeaching the defendant's credibility was of considerable significance

to the government, as [the defendant] had indicated that he would testify denying all the allegations made by the government."); see also id. ("[I]n light of the defendant's intended denial of the facts on which the government's case was premised and the care which the trial court took to minimize any improper prejudicial effect of admitting Stewart's prior convictions, we cannot say that the trial court abused its discretion . . . ."). In such a situation of direct conflict in testimony, "it is obviously of paramount importance that the jury have before it all information which might reflect on the truthfulness of the witnesses who testify." Id.

10. Should the defendant elect to testify in this case, his credibility will be centrally in issue as it relates to his defense, because in order to acquit, the jury would have to credit the defendant's testimony over the testimony of the arresting officers and/or over other significant evidence of his possession. Conversely, in order to convict, the jury would have to disbelieve any defense that his presence with the gun was coincidental. And this, the Court of Appeals has recognized, makes the defendant's credibility a central issue. See United States v. Crawford, 613 F.2d 1045, 1047 (D.C. Cir. 1979); see also id. at 1048 (stating the defendant's credibility was "key issue" in trial because in order to convict, "the jury first had to disbelieve her testimony that she had no connection with the heroin," and then rely on several facts that she disputed, including the amount of cash on her person during the raid, her statements to a police officer that she could "beat this case because I am an addict," and her statement over the phone that "they got me with your stuff."). Accordingly, here the defendant should not be permitted to appear before the jury as a person entitled to complete credence, when his criminal record–which is both serious and recent–stands to the contrary.

11. The prejudicial effect of this prior conviction is slight because there is no similarity

between the past crime and the offense charged in this case. See Lipscomb, 702 F.2d at 1071 (Prejudice is not especially great when the previous crime is not similar to the present one); see also Jackson, 627 F.2d at 1210 ( "And, since there is no similarity between the past crime, manslaughter, and the charged crime, narcotics dealing, there would have been no danger that the jury would have perceived a pattern in Jackson's past activities and found him guilty of drug dealing because of his prior conviction for manslaughter.").

12.     The prejudicial effect is slight also by virtue of the charge in this case.  When other prejudicial evidence is already before the jury, the prejudice occasioned by the admission of a prior conviction is marginal, and can be slight at that.  For example, in Stewart the Court of Appeals noted, "any possible additional prejudice deriving from allowing in the testimony of appellant's prior convictions for impeachment was reduced at the time the appellant testified because evidence, to which no objection was made, was already before the jury that Stewart had served some eighteen years in jail." 581 F.2d at 974.  Here, proof of prior conviction is an element of the offense under 18 U.S.C. § 922(g), so the jury will already be hearing that the defendant has at least one prior conviction.  Accordingly, under the principle articulated in Stewart, any prejudice occasioned by the introduction of the conviction will be marginal.

13.     In addition, the court's instruction to the jury to refrain from using such evidence for an improper purpose will lessen whatever prejudice there may be to the defendant.  See Lewis, 626 F.2d at 950 (directing that such instruction should be given).

14.     The opportunity to rehabilitate a witness on redirect examination can further reduce potential prejudice.  See Jackson, 627 F.2d at 1210 (noting defendant's attorney presumably could have neutralized potential prejudice by bringing out facts that "tended to mitigate somewhat the 'bad

man' image").

15. Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. Cf. Lipscomb, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original).

16. In conclusion, the defendant's conviction has probative value because it enables a fair assessment of the defendant's credibility. Its probative value is high because the conviction is recent, serious, and because the defendant's credibility will be a central issue if he elects to testify. The prejudicial effect is slight because the offense charged already requires proof of prior conviction, the offense charged is entirely dissimilar to the prior conviction, and the Court can provide an appropriate limiting instruction. Thus, the probative value of the conviction outweighs whatever prejudice there may be to the defendant, and therefore the conviction should be admitted for impeachment purposes.

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion to impeach the defendant's credibility with his prior conviction should he testify at trial.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN
                              United States Attorney
                              Bar No. 451058

BRIAN P. ROGERS
Special Assistant United States Attorney
Maryland Bar
Federal Major Crimes Section
555 4th Street, NW, Room 4712
Washington, DC 20530
(202) 616-1478

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Doug Wood, this 5th day of May, 2006.

_____
Brian Rogers
Special Assistant United States Attorney