UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-0059 (ESH) |
| | : | |
| v. | : | |
| | : | |
| AHMED HUNTER, | : | |
| | : | |
| Defendant | : | |
| | : | |

### GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### Factual Background

On February 8, 2006, at approximately 12:44 a.m. officers of the United States Park Police (USPP) conducted a traffic stop on the defendant's vehicle on Bowen Road and Ridge Road, SE, Washington, DC. (Officers were in the area conducting a security check of Fort Dupont Park). The defendant was driving a vehicle with no front tag, tint violations, and obstructive objects ("fuzzy dice" and air fresheners) hanging from its rearview mirror. The defendant was the registered owner and sole occupant of the vehicle.

While speaking with the defendant, officers detected the strong odor of burnt marijuana emanating from the vehicle. Thereafter, officers discovered marijuana on the driver side floorboard, center seat cushion, and in the ashtray. Underneath the driver's seat, officers discovered a black

semi-automatic Glock 22 .40 caliber handgun, containing one round of ammunition in the chamber and thirteen rounds in the magazine. The defendant has been charged in a one-count Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

### Evidence of Other Crimes and Bad Acts

On April 5, 1995, the defendant was convicted of Possession of an Unregistered Firearm, in violation of Title 6, District of Columbia Code, Section 2311(a), in the United States District Court for the District of Columbia (Criminal Case Number 94-345).[1] In that case, officers of the Metropolitan Police Department responded to a radio run for a man with a gun at 2515 R. Street, SE, Washington, DC. Matching the description of the suspect, the defendant was arrested after a search revealed he was carrying a loaded .45 caliber semi automatic pistol with the serial numbers removed. The government seeks to introduce the facts and circumstances of this prior gun conviction to prove knowledge, intent, and absence of mistake or accident in the charged offense.

### Legal Analysis

Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . . Fed. R. Evid. 404(b).

---

[1] On January 30, 1997, the Court revoked probation (defendant's initial sentence) and sentenced him to imprisonment for a term of four to twelve months, to be served concurrently with another twenty-to-sixty-month sentence for Possession with Intent to Distribute.

Rule 404(b) is a rule of inclusion rather than exclusion. See United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("[A]lthough the first sentence is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'–for the purpose of proving that a person's actions conformed to his character."). Indeed, the rule prohibits "only that which lacks any purpose but proving character." Id. at 930.

The analysis proceeds in two steps, beginning with the question of relevance. Id. The Court determines whether "the other crime or act [is] relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." Id. Here the government seeks to introduce 404(b) evidence, not solely to prove the defendant's character, but rather to prove knowledge, intent, and absence of mistake or accident, all of which are permissible purposes under Rule 404(b).

On the facts of this case, the controlling law is United States v. Cassell, 292 F.3d 788 (D.C. Cir. 2002), and United States v. Garner, 393 F.3d 438 (D.C. Cir. 2005). In Cassell, the Court of Appeals upheld admission of a prior conviction for firearm possession in a subsequent 922(g) case, finding the conviction "was relevant to show knowledge of, and intent to possess" firearms recovered from the defendant's bedroom. Id. at 792. The Court reasoned that the government had to prove the mental element of knowing and intentional possession, and that "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Id. at 793. According to the Court, "The government was required to prove that Cassell knowingly possessed the firearms found in his room. The fact that Cassell had previously possessed weapons tends to make it less probable that the weapons recovered from his bedroom were

3

there without his knowledge, without intent, or by accident or mistake." Id. at 796.

Like Cassell, here the government must prove the mental element of possession, namely that the defendant knowingly and intentionally possessed the firearm that was underneath his seat on February 8, 2006. Moreover, like Cassell, the government will be advancing a constructive possession theory at trial, and therefore must prove that the defendant "knew of, and was in a position to exercise dominion and control over" the firearm that was under his seat. Id. at 792. Therefore, under the principles articulated in Cassell, evidence of the defendant's prior gun possession is relevant to his knowledge and intent in the charged offense because it makes it less probable that the firearm recovered from under his seat was there without his knowledge, without intent, or by accident or mistake. Accordingly, evidence of the defendant's prior possession of an unregistered firearm is offered for permissible purposes under Rule 404(b).

By contrast, United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), has no bearing on this case. Linares was a felon-in-possession case in which the Court of Appeals found previous gun possession irrelevant to knowledge and the absence of mistake. Id. at 952. In Linares, actual possession was the only theory before the jury, and the evidence of possession was strong, including three eyewitnesses who testified to seeing the defendant with the gun. Id. at 944. According to the Court of Appeals, the evidence of the defendant's actual possession was such that no reasonable jury could have concluded that the defendant possessed the gun without knowledge or by mistake. Id. at 947. Therefore, the Court concluded, the defendant's previous possession of a pistol "made it no 'more probable or less probable' that [he] possessed the gun knowingly or unmistakenly." Id. at 952.

United States v. Garner, 393 F.3d 438 (D.C. Cir. 2005) distinguished Linares, however, as a case involving only actual (as opposed to actual and/or constructive) possession, see id. at 442-43,

4

and upheld the admission of previous gun possession in a subsequent 922(g) case to prove the defendant's "knowledge of the gun's location and of its accessibility to him." Id. at 445. In Garner, the defendant was seen removing a firearm from his waistband and placing it underneath the passenger seat in which he was sitting. Id. at 439. At trial, the district court admitted testimony that police once before had found a handgun under the defendant's seat, and instructed the jury that it could use the evidence only to decide if the defendant had the intent to possess the firearm and "acted knowingly and on purpose and not by accident or mistake." Id. at 440. Since, unlike Linares, constructive possession was a viable theory, the Court of Appeals held that it was proper to introduce the defendant's prior instances of gun possession to prove that the charged possession was knowing. See id. at 444-45.

As stated above, this case likewise involves a constructive possession theory. Therefore, it does not fall under Linares, but rather is controlled by Cassell and Garner, both of which support admission of the defendant's previous gun possession. Having established that evidence of the defendant's prior possession of a firearm is permissible under Rule 404(b), we move to the second inquiry of admissibility under Rule 403.

Rule 403 "'tilts, as do the rules as a whole, toward the admission of evidence in close cases,' even when other crimes evidence is involved. In performing the balancing test required under Rule 403, 'it is a sound rule that the balance should generally be struck in favor admission when the evidence indicates a close relationship to the event charged.'" Cassell, 292 F.3d at 795.

Here numerous factors show that the probative value of admitting the 404(b) evidence is not "substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403. First, the probative value of the evidence is high because it is relevant to an issue other than character, and it

concerns the defendant's knowledge and intent with respect to the gun recovered from underneath the driver's seat. See Cassell, 292 F.3d at 795 ("The contested evidence's probative value was high as it was relevant to an issue other than Cassell's character: it concerned Cassell's knowledge and intent with respect to the firearms recovered from the bedroom."). Second, the prejudicial effect is slight by virtue of the charge in this case. Since proof of prior conviction is an element of the offense under 18 U.S.C. § 922(g), the jury will hear that the defendant has at least one prior conviction, and this prejudicial information will reduce any additional prejudice occasioned by evidence of prior possession. See United States v. Stewart, 581 F.2d 973 (D.C. Cir. 1978) (noting in the context of Rule 609 that "any possible additional prejudice deriving from allowing in the testimony of appellant's prior convictions for impeachment was reduced at the time the appellant testified because evidence, to which no objection was made, was already before the jury that Stewart had served some eighteen years in jail."). Third, the court's limiting instructions will even further protect the defendant from undue prejudice. See Cassell, 292 F.3d 788, 795 ("This is the type of instruction that 'can sufficiently protect a defendant's interest in being free from undue prejudice.'").

WHEREFORE, for the reasons stated above, the United States respectfully requests that this Honorable Court grant the government's motion to introduce evidence pursuant to Federal Rule of Evidence 404(b).

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    United States Attorney
    Bar No. 451058

BRIAN P. ROGERS
Special Assistant United States Attorney
Maryland Bar
Federal Major Crimes Section
555 4th Street, NW, Room 4712
Washington, DC 20530
(202) 616-1478

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Doug Wood, this 8th day of May, 2006.

                                                          _____
                                                          Brian Rogers
                                                          Special Assistant United States Attorney