IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                          :

v.                                     :          06-059 (ESH)

AHMED HUNTER                           :

<u>            DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE</u>

Ahmed Hunter, the defendant, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b) and the Fourth Amendment to the United States Constitution, to suppress the use as evidence of all tangible evidence allegedly obtained from the vehicle which Mr. Hunter was driving at the time of his arrest on February 8, 2006.  A hearing is requested on this motion.

In support of this motion, counsel states:

1.      Mr. Hunter is charged with possession of a firearm by a person convicted of a crime punishable by imprisonment for more than one year.

2.      The charges arise from an incident which allegedly occurred on February 8, 2006.

3.      On that date, officers searched a vehicle allegedly searched a vehicle which Mr. Hunter had been driving.

4.      The police officers acted without the authority of a warrant.

5.      The police officers had neither probable cause nor reasonable articulable suspicion to believe that Mr. Hunter was or had been engaged in criminal activity.

6.      According to police reports and information provided pursuant to Federal Criminal Procedure Rule 16, on February 8, 2006, Park Police officer stopped a vehicle driven by Mr. Hunter in the on Ridge Road at the intersection of Fort Davis Drive SE.  The police officer

stopped the vehicle because it was allegedly missing a front license plate, had illegal window tinting, and had fuzzy dice hanging from the rearview mirror.  While conducting the traffic stop, the officer allegedly smelled marijuana.  A search of the vehicle allegedly revealed a handgun underneath the driver's seat and suspected marijuana on the floorboard.[1]

WHEREFORE, for the foregoing reasons, and for such other reasons as may appear at a hearing on this Motion, Mr. Hunter respectfully requests that this Court suppress the use as evidence of all tangible objects allegedly seized from Mr. Hunter or from the car in which he was arrested.

Respectfully submitted,

_____
Douglas Wood
      Counsel for Mr. Hunter
Roberts & Wood
6801 Kenilworth Ave., Suite 202
Riverdale, MD  20737
(301) 699-0764

---

[1] According to information provided to counsel pursuant to Federal Criminal Procedure Rule 16, this is the only items allegedly seized from Mr. Hunter or from the car in which he was arrested, that the government intends to introduce at trial.

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Defendant's Motion to Suppress Tangible Evidence and attached Memorandum of Points and Authorities in Support of Defendant's Motion to Suppress Tangible Evidence has been delivered by _____ to AUSA Brian Rogers, Office of the U.S. Attorney, this ____ day of _____, 2006.

_____
Douglas Wood

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | : |
| v. | :   06-059 (ESH) |
| **AHMED HUNTER** | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS TANGIBLE EVIDENCE**

The Supreme Court has held that, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment -- subject only to a few specifically established and well delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967) (footnote omitted).  Here, Officers acted without the authority of a warrant.  The circumstances of the seizure of Mr. Hunter, and the search of his car do not meet any of the exceptions to the warrant requirement.  Therefore, the searches and seizure were illegal.

Where the government seeks to introduce evidence seized without a warrant, it has the burden of showing that the evidence falls within one of the "few specifically established and well delineated exceptions" to the warrant requirement of the Fourth Amendment.  *Coolidge v. New Hampshire*, 403 U.S. 443, 455 (1971); *Katz v. United States*, 389 U.S. 347, 357 (1967).  Absent a showing of an exception to the warrant requirement, the evidence seized from Mr. Hunter's car must be suppressed.

Mr. Hunter's seizure in this case falls within none of the exceptions to the warrant requirement.  Police seized Mr. Hunter after allegedly observing that it was allegedly missing a front license plate, had illegal window tinting, and had fuzzy dice hanging from the rearview mirror.  While conducting the traffic stop, the officer allegedly smelled marijuana.  A search of the vehicle allegedly revealed a handgun underneath the driver's seat and suspected marijuana on the floorboard.

The evidence must also be suppressed as the fruit of the unlawful warrantless arrest of Mr.

Hunter. *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (if the evidence has been obtained through the exploitation of a Fourth Amendment violation the evidence must be suppressed). Probable cause is an essential prerequisite to an arrest. *Dunaway v. New York*, 442 U.S. 200, 213 (1979). The police officers did not have probable cause to arrest Mr. Hunter on February 8, 2006. The warrantless arrest of Mr. Hunter were therefore unlawful. The evidence seized from him and from his car must be suppressed as the fruit of the unlawful arrest of Mr. Hunter.

## CONCLUSION

Because the evidence recovered from both Mr. Hunter and his car on February 8, 2006, was seized in violation of the Fourth Amendment, that evidence must be suppressed.

Respectfully submitted,

_____
Douglas Wood
Attorney for Mr. Hunter

Roberts & Wood
6801 Kenilworth Ave.
Suite 202
Riverdale, MD 20737
(301) 699-0764

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | :     06-059 (ESH) |
| **AHMED HUNTER** | : |

### PROPOSED ORDER

Upon consideration of the Defendant's Motion to Suppress, and any opposition thereto, it is

HEREBY ORDERED that the Motion is GRANTED.

_____
JUDGE

cc:
Douglas J. Wood
Roberts & Wood
6801 Kenilworth Ave. Suite 202
Riverdale, MD 20737

AUSA Brian Rogers
Office of the United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530