UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 1:06-cr-59-ESH |
| ) | |
| **AHMED K. HUNTER,** ) | |
| ) | |
| **Defendant.** ) | |

<u>Government's Amended Memorandum in Aid of Sentencing</u>[1]

The United State of America, by and through the United States Attorney for the District of Columbia hereby submits this amended memorandum to assist the Court in issuing an appropriate sentence in this case.

<u>Background</u>

On June 12, 2006, pursuant to a plea agreement, defendant Ahmed K. Hunter pled guilty to a one-count indictment charging him with unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g).  In exchange for his guilty plea, the government agreed not to oppose a three-level reduction in calculating the defendant's offense level under the U.S. Sentencing Guidelines, provided that the defendant truthfully cooperated during the pre-sentence investigation and did not attempt to obstruct justice, deceive, withhold or mislead any law enforcement agent, the Court, the U.S. Probation Office, or the government, with respect to any matter relevant to

---

[1] The government asks the Court to disregard the government's original sentencing memorandum filed in this case.

sentencing.  The government also agreed not to oppose a sentence at the low end of the applicable range under the Guidelines. Under the terms of the plea agreement, the defendant cannot ask for a formal guideline departure, but is permitted to ask for a non-guideline sentence.

The indictment in this case was based on a U.S. Park Police traffic stop, conducted on February 8, 2006, at approximately 12:44 a.m., of a vehicle driven by and registered to the defendant, near the intersection of Bowen and Ridge Roads, S.E., Washington, D.C.  The defendant was the sole occupant of the vehicle, which was a four-door, gold 1995 Oldsmobile 98.  The USPP officer pulled over the Oldsmobile because it was missing a front license plate, and had items hanging from the rearview mirror unlawfully blocking the driver's view.

When the officer spoke to the defendant, the officer noticed the odor of marijuana coming from the vehicle.  A subsequent search of the car resulted in the recovery of a semi-automatic Glock model 22, .40 caliber handgun, with one round chambered and 13 in the magazine, from the floor underneath the driver's seat. Suspected marijuana was also recovered from the driver's side floorboard, the center seat cushion, and the ashtray.

It was subsequently determined that the defendant had been convicted in 1995, in this Court, of possession with intent to distribute cocaine, a felony.

### The Statutory Sentencing Requirements and the Sentencing Guidelines

Pursuant to 18 U.S.C. §§ 922(g)(1), and 924(a)(2), the defendant faces a maximum prison term of 10 years, and, pursuant to 18 U.S.C. § 3583(b)(2), a maximum period of supervised release of three years. Pursuant to the Sentencing Guidelines, allowing for the anticipated three-level reduction discussed above, the defendant faces a prison guideline range of 27 to 33 months, and a supervised release guideline range of two to three years.

### The Appropriate Sentence

For the following reasons, the government recommends a prison sentence of 27 months, followed by a supervised release term of two years, the minimum terms under the applicable guideline range, but a more significant punishment than the one-year period of incarceration sought by the defendant.

First, the defendant has a documented record of failing to comply with court-ordered supervision. Specifically, in October 1994, he was arrested for possession with intent to distribute cocaine, less than two months after he had been released following an arrest for possession with intent to distribute cocaine base and possession of an unregistered firearm.[2] Significantly, both arrests were in the same neighborhood. He

---

[2] He was subsequently convicted in both cases.

then failed to appear for court in November 1994, in connection with the earlier case.

In addition, in 1996 his probation was revoked, approximately 19 months into a 5-year period of probation. Also, as set forth in the Pre-sentence Report, he has a history of failing to appear for various traffic citations. And in this very case, the defendant was ordered held without bail, on June 12, 2006, after failing to comply with the conditions of the High Intensity Supervision Program.

Second, the defendant appears not to have been rehabilitated after serving the sentences for the gun and drug violations stemming from the 1994 incidents. In August 1994, he is arrested when found to be in possession of a loaded handgun and cocaine base, and in October 1994, he is arrested when found to be in possession of marijuana and cocaine base. When he is arrested in February 2006, he is in possession of a loaded handgun and marijuana.

Finally, as the PSR writer points out, the gun the defendant has acknowledged possessing on February 8, 2006, was used in a non-fatal shooting on January 22, 2006, a shooting in which a witness has identified the defendant, from a photo array, as the perpetrator.[3]

---

[3] In his comments to the initial PSI report, counsel for the defendant complained about inclusion of this incident in the report, and stated he could not challenge the allegations without

<u>Conclusion</u>

The defendant should be sentenced to 27 months in prison followed by a supervised release term of two years.

```
                         Respectfully submitted,

                         KENNETH L. WAINSTEIN
                         United States Attorney


              by:        _____
                         Michael C. Liebman
                         Assistant United States Attorney
                         D.C. Bar No. 479562
                         555 Fourth Street, N.W., room 4231
                         Washington, D.C.  20530
                         (202) 353-2385
                         michael.liebman@usdoj.gov
```

---

at least knowing the time and location of the shooting.  As set out in the affidavit supporting the Maryland arrest warrant for the defendant, the shooting happened at 7:15 p.m. on January 22, 2006, in a parking lot located in front of 7611 Riverdale Road, in New Carrollton.  The government has faxed a copy of the warrant and affidavit to counsel.