HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: 06-CR-059 |
| vs. | : | SSN: _____ |
| HUNTER, Ahmed K. | : | Disclosure Date: August 3, 2006 |

**FILED**
SEP 0 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### RECEIPT AND ACKNOWLEDGMENT OF
### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____         _____
**Prosecuting Attorney**                                         **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____         _____   8-28-06
**Defendant**              **Date**      **Defense Counsel**        **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **August 17, 2006**, to U.S. Probation Officer **Sherry Brandon**, telephone number **(202) 565-1327**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:  Richard A. Houck, Jr., Chief
     United States Probation Officer

JYH 8/29/06

HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>06-CR-059</u> |
| | : | |
| vs. | : | SSN: |
| | : | |
| HUNTER, Ahmed K. | : | Disclosure Date: <u>August 3, 2006</u> |

## RECEIPT AND ACKNOWLEDGMENT OF
## PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                     **Date**

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____    _____
**Defendant**        **Date**        **Defense Counsel**    8-28-06   **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>August 17, 2006</u>, to U.S. Probation Officer <u>Sherry Brandon</u>, telephone number <u>(202) 565-1327</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer

## ROBERTS & WOOD
ATTORNEYS AT LAW
6801 KENILWORTH AVENUE
BERKSHIRE BUILDING, SUITE 202
RIVERDALE, MARYLAND 20737

(301) 699-0764
(301) 699-8706 FAX

TERRELL N. ROBERTS, III
(MD, D.C., VA)
DOUGLAS J. WOOD
(MD, D.C.)
CHRISTOPHER A. GRIFFITHS
(MD, D.C.)
NIKKI LOTZE
(MD, D.C.)
MATTHEW R. DAVIES
(MD, D.C.)

August 28, 2006

Sherry Brandon
United States Probation Officer
United States District Court
for the District of Columbia
3rd & Constitution Avenues, NW
Washington, D.C. 20001

  RE: Ahmed Hunter, 06-059-01

Dear Ms. Brandon:

  I am in receipt of the presentence investigation report you prepared. I object to the report's calculation of Mr. Hunter's sentencing guidelines.

  The presentence report incorrectly calculates Mr. Hunter's sentencing guidelines to be 46 to 57 months. This guideline calculation is based on a base offense level of 21 and a criminal history category of III. The base offense level and the criminal history category are not correctly stated in the presentence report. Mr. Hunter should have a base offense level of 17 and a criminal history category of II. After correcting Mr. Hunter's base offense level and criminal history score, Mr. Hunter's sentencing guidelines call for him to receive 27-33 months of incarceration.

  Mr. Hunter's base offense level should be 17. Under Federal Sentencing Guidelines Section § 2K2.1(a)(4)(A), Mr. Hunter's base offense level for this offense begins at level 20 because he has one prior felony conviction for a controlled substance offense. Mr. Hunter's Superior Court conviction does not qualify to increase his base offense level because it does not attribute any criminal history points to Mr. Hunter under § 4A1.1(a), (b), or (c). See Federal Sentencing Guidelines Manual § 2K2.1 comment 12. Then Mr. Hunter is to receive a three point reduction for his acceptance of responsibility which would bring his base offense level down to 17. See § 3E1.1 (b) and (c).

  As stated above, the presentence report incorrectly calculates Mr. Hunter's criminal history score. In paragraph 25, the presentence report incorrectly attributes two points for the 1995 conviction for possession with the intent to distribute cocaine in Superior Court. The above case should not receive any points under the guidelines because it is has been over ten years since

the sentence was imposed. See § 4A1.1(e) comment 2.[1] With only the federal court conviction being counted, Mr. Hunter's criminal history score is 3 which places him in category II.

Mr. Hunter also objects to the inclusion of paragraph 27 in the presentence report that states that Mr. Hunter committed an attempted murder. The presentence report seems to be basing the allegation on an outstanding warrant from Prince George's County, Maryland. Mr. Hunter vehemently denies the allegations being made in paragraph 27. Mr. Hunter has no knowledge of the incident stated in paragraph 27. Mr. Hunter, and undersigned counsel, are unable to obtain any information regarding the warrant in Prince George's County, Maryland. Without a time, location, or any other information, Mr. Hunter is unable to adequately challenge the allegations. It is fundamentally unfair to submit information of an outstanding warrant for consideration at the time of sentencing when Mr. Hunter has not had any opportunity to refute the charges. If you intend to include the information regarding the warrant in the presentence report, then please provide me with additional information, beginning with a time and location, so that I may properly refute the charges.

I trust that Mr. Hunter's guidelines will be corrected to reflect the correct guideline range of 27 to 33 months of incarceration. I look forward to seeing a corrected presentence investigation report.

Sincerely,

Matthew F. Davies

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objections to the presentence report, has been served by mail on AUSA Alex Shaw, Office of the U.S. Attorney, 555 Fourth Street, NW, Washington, D.C. 20530.

This ___29th___ day of August, 2006.

Matthew F. Davies

---

[1] The Superior Court conviction also does not count under § 4A1.1 (a) because the sentence of imprisonment called for an executed period of incarceration less than one year and one month. See § 4A1.1 (a) and § 4A1.2 (e). The Sentencing Guideline Manual's definition of a sentence of imprisonment states that only the portion of a sentence that was not suspended should be counted. See § 4A1.2 (b)(2).

2